**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1862**

ALLEN R. DYER,

Plaintiff - Appellant,

v.

MARYLAND STATE BOARD OF EDUCATION; JAMES H. DEGRAFFENREIDT, JR., Member, Maryland State Board of Education; CHARLENE M. DUKES, Former Member, Maryland State Board of Education; MARY KAY FINAN, Former Member, Maryland State Board of Education; S. JAMES GATES, JR., Member, Maryland State Board of Education; LUISA MONTERO-DIAZ, Former Member, Maryland State Board of Education; SAYED M. NAVED, Former Member, Maryland State Board of Education; MADHU SIDHU, Member, Maryland State Board of Education; GUFFRIE M. SMITH, JR., Member, Maryland State Board of Education; LINDA EBERHART, Former Member, Maryland State Board of Education; CARNEY, KELCHAN, BRESLER, BENNETT & SCHERR, LLP; JUDITH S. BRESLER, Esquire,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:15-cv-03699-JKB)

Submitted: March 29, 2017          Decided: April 21, 2017

Before NIEMEYER, TRAXLER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen R. Dyer, Appellant Pro Se. Brian E. Frosh, Attorney General of Maryland, Elizabeth M. Kameen, Derek S. Simmonsen, Assistant Attorneys General, Baltimore, Maryland; Alvin I. Frederick, Lauren E. Marini, ECCLESTON & WOLF, P.C., Hanover, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Ray Dyer appeals the district court's dismissal of his lawsuit requesting declaratory relief and damages under 42 U.S.C. § 1983 (2012) and the Maryland Constitution. Dyer served on the Howard County Board of Education (County Board) in Maryland in 2011, when the County Board invoked against him the Maryland State Board of Education's (State Board) removal process under Md. Code Ann., Educ. § 3-701(g) (2007). After Dyer received notice and a hearing, but before he received a decision, he lost his bid for reelection and his term ended in December 2012. That same month, the Administrative Law Judge who had presided over the hearing recommended Dyer's removal from the County Board for misconduct in office. The State Board proceeded to review the recommendation and issued an opinion that Dyer had committed misconduct in office.

Dyer then sued the State Board, nine of its current and former members, and the attorney and law firm who had represented the County Board in the state administrative proceedings, requesting that the district court declare the removal process illegal and seeking damages for violations of his free speech, due process, and equal protection rights. We review de novo a district court's grant of a motion to dismiss. See Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.

3

1999).  Because we conclude that both declaratory relief and damages are unavailable in this case, we affirm the district court's judgment.

Declaratory relief applies only to cases or controversies. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007) (citing 28 U.S.C. § 2201(a)(2012)).  A "case or controversy" requires a concrete and substantial dispute such that declaratory relief would not amount to an advisory opinion.  Id. Because Dyer lost his bid for reelection, declaring the State Board's removal process illegal would not have a concrete, remedial effect.  Thus, we conclude that declaratory relief is inappropriate in this case.

We further conclude that Dyer cannot seek damages from either the State Board Defendants or the law firm Defendants. The district court properly ruled that sovereign immunity and absolute, quasijudicial immunity protects the State Board Defendants from suit.  The Eleventh Amendment bars the damages suit against the State Board and its members in their official capacities.  See Lytle v. Griffith, 240 F.3d 404, 408 (4th Cir. 2001).  For the claims against the State Board members in their individual capacities, absolute, quasijudicial immunity applies because the State Board performs essentially judicial functions; a strong need exists to ensure that the State Board members can remove County Board members for misconduct without undue

4

harassment from suit; and Maryland law adequately safeguards individuals subject to removal proceedings. See, e.g., Ostrzenski v. Seigel, 177 F.3d 245, 249 (4th Cir. 1999); Butz v. Economou, 438 U.S. 478, 513-14 (1978). Contrary to Dyer's argument on appeal, the district court did not prematurely evaluate immunity given the information available in the pleadings.

Finally, Dyer cannot sue the law firm Defendants for damages under either § 1983 or the Maryland Constitution because they do not qualify as state actors or government agents, respectively. Section 1983 applies only to persons who act "under color of state law." 42 U.S.C. § 1983. A person acts under color of state law "only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Polk Cty. v. Dodson, 454 U.S. 312, 317-18 (1981) (internal quotation marks omitted). A law firm and attorney who represent a public school board, like the law firm Defendants did here, do not become state actors under § 1983 by providing legal services to the board, a power not possessed by virtue of state law.

Moreover, the law firm Defendants only represented the County Board in the state administrative and judicial proceedings. They did not perform legally-required State

functions on behalf of the State as the defendant did in West v. Atkins, 487 U.S. 42, 51 (1988).

For the same reasons, the law firm Defendants did not act as "government agents" under the Maryland Constitution. See Manikhi v. Mass Transit Admin., 758 A.2d 95, 111 (Md. 2000) ("Maryland Constitutional provisions have the more narrow focus of protecting citizens from certain unlawful acts committed by government officials. Indeed, only government agents can commit these kinds of Constitutional transgressions." (internal quotation marks omitted)).

Accordingly, we affirm the district court's judgment. We also deny Dyer's "Motion to approve/authorize Supplement Brief with Attachments." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED